The opinion of the Court was delivered by
O’Neall, J.
In this case we concur in the judgment of the judge below.
Pond Branch, by the Act of 1853, 12 Stat. 305, became a *391 navigable stream. It was so treated, and considered in tbe opinion of tbe Court in tbe case of tbis very plaintiff vs. W. Johnson Jefcoat, tbis defendant, and another, decided here a year ago. How, after it was thus recognised and decided, at tbe instance of tbe plaintiff, be can expect to claim for toll in passing rafts through bis mill-dam and slope, as a common law right, is difficult to conceive. Eor when a stream is navigable, it is common to every one, who may use it: and waste ways and slopes only excuse, under Acts of tbe Legislature, tbe dams which obstruct tbe stream.
Tbe plaintiff, as tbe owner of a mill dam obstructing tbe stream before 1853, is provided for by that Act, and' under its provision, if pursued; be may get tbe compensation which it provides. Eor to pass the dam tbe means 'are provided by tbe 3d sec. of tbe Act. It declares, “that in all cases, where mill owners shall have erected their mill dams on such streams,” (as Pond Branch,) “antecedent to their use for tbe purposes aforesaid,” (rafting) “ at tbe points at which such mill-dams have been or may be erected, it shall be lawful for all persons, who may desire, to use such streams for tbe purposes of navigation as aforesaid, upon payment to such mill owner of a compensation to be determined by the pen-ties themselves; but if tbe parties cannot agree, it shall be tbe duty of any neighboring magistrate, at tbe instance of any person, desiring to use such stream for purposes of rafting of rafts of lumber and timber, to call to bis assistance four neighboring freeholders, two to be selected by tbe mill owner, and two by tbe applicant, and tbe said magistrate and freeholders shall determine tbe amount of compensation to be paid by such persons desiring to use such stream, subject to tbe right of appeal to tbe next Court of Common Pleas for tbe district in which tbe mill may be situated.”
Tbis is, it is true, a rather one sided provision, for it is alone to be effectually carried out by tbe person desiring to pass tbe mill-dam. Yet I think tbe owner may compel him *392 to give to bim the remedy. Por he has only to give the person wishing to pass his dam, notice that he cannot pass till the compensation be fixed: then if the parties cannot agree, the person desiring to pass his raft through the dam must apply to a magistrate, and the other proceedings will follow.
In this case the defendant, without agreeing to pay any thing, passed his rafts. The plaintiff having suffered it done has no implied right to reasonable compensation. The Act of 1853, only permitted the party to pass his dam under an ascertained compensation either by agreement, or by the decision of a magistrate and freeholders. Having the means in his own hands to enforce his rights and ascertain his compensation, and having failed to do it, he cannot appeal to the Court to do it for him.
The motion is dismissed.
WhitNer, Glover, and MüNro, JJ., concurred.

Motion dismissed.